**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KIMBERLEY STEELE | : | |
| Plaintiff, | : | **Civil Action No. 23-12034 (JXN) (JBC)** |
| v. | : | |
| SIMONE NEAL, ARMID ERNEJA, HIJA JOHNSON, DIRECTOR OF DIVISION OF FAMILY DEVELOPMENT, DEPARTMENT OF HUMAN SERVICES DIVISION OF SOCIAL SERVICES UNION COUNTY, | : | **MEMORANDUM OPINION & ORDER** |
| Defendants. | : | |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Kimberley Steele's ("Plaintiff") complaint (ECF No. 1) (the "Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) ("Plaintiff's IFP Application"). For the reasons set forth below, Plaintiff's IFP Application is **GRANTED**, and the Complaint is **DISMISSED** *without prejudice*. Plaintiff may file an amended complaint within thirty (30) days to cure the deficiencies discussed herein.

1.      Upon submission of the IFP Application, the Complaint is subject to *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). In so doing, the Court applies the same standard of review as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). Under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*.  The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and internal quotations omitted).  The Court is further guided by Federal Rule of Civil Procedure 8.

2.      Under Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Each averment in a complaint must likewise be "concise[,] and direct."  *Id.* at (d)(1).  A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8.  *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).  Thus, a complaint may be dismissed when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Id.* (citation and internal quotations omitted).

3.      Here, the Complaint is dismissed *without prejudice* because it fails to state a claim. In the Civil Cover Sheet (ECF No. 1-1) (the "Cover Sheet"), Plaintiff selects the following causes of action: (i) "440 Other Civil Rights[;]" (ii) "443 Housing[;]" (iii) "899 Administrative Procedure[;]" (iv) "445 Amer. w/Disabilities[;]" (v) "950 Constitutional[;]" and (vi) "550 Civil Rights[.]"  (Cover Sheet at pp. 2-3).  Plaintiff also alleges "libel slander, civil rights, personal property damage, [and] Americans with [D]isabilities [ADA][.]"  (*Id.* at p. 3).  Based on the face of the Complaint, Plaintiff's causes of action are deficient.

4.      Plaintiff does not state a violation beyond conclusory, vague, or immaterial facts that are insufficient to "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (citation omitted); *see also D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (Court "need not . . . credit a *pro se* plaintiffs' bald assertions or legal

conclusions.") (citation and internal quotations omitted).  The Complaint does not cite to any statute and does not include a description for each cause of action, as instructed on the Cover Sheet.

5.       First, Plaintiff does not cite any provision of the Fair Housing Act (the "FHA"), which the Court construes to be the basis for Plaintiff's alleged housing claim.  § 42 U.S.C. § 3601. Indeed, though Plaintiff mentions general "personal property damage," she does not set forth a cause of action for damage to personal property.  Assuming Plaintiff is alleging an FHA claim, she can do so by alleging facts to suggest a plausible cause of action for: "(1) disparate treatment, or intentional discrimination; (2) . . . disparate impact; or (3) . . . a refusal to make reasonable accommodations." *Hansen Found., Inc. v. City of Atl. City*, 504 F.Supp.3d 327, 335 (D.N.J. 2020) (citation omitted).  But as Plaintiff did not do so here, the FHA claim is deficient.

6.       Second, Plaintiff's claim under the Administrative Procedure Act § 1, 5 U.S.C. § 551 (the "Act"), similarly falls short as the Act does not apply to state agencies.  *Baldwin v. Hous. Auth. of City of Camden, NJ*, 278 F. Supp. 2d 365, 374 (D.N.J. 2003).  And unless Plaintiff requests that the Court review an agency's alleged violation of a federal statute or regulation, she cannot state a claim.  5 U.S.C. §§ 551-59.

7.       Third, Plaintiff appears to allege a claim for age discrimination for an "action of discrimination against an employee with disabilities of any type in the workplace, filed under 42 U.S.C. § 12117."  *Nature of Suit Codes Description*, U.S. Courts (Dec. 13, 2022), https://www.uscourts.gov/sites/default/files/nos_code_descriptions_updated_v.4_12-13-2022_0.pdf.  To state a claim, Plaintiff must allege that she (1) is a qualified individual; (2) with a disability; (3) who was "precluded from participating in a program, service, or activity, or otherwise was subject to discrimination[;]" (4) because of her disability.  *Furgess v. Pennsylvania*

*Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019).  Plaintiff has not stated facts that address any of these enumerated items.

8.      Fourth, Plaintiff's selection of "950 Constitutional" without any facts in support is lacking.  Fifth, and finally, Plaintiff's alleged "550 Civil Rights" claim is improper as this applies only to Prisoner Petitions.  *See Nature of Suit Codes Description*, U.S. Courts (Dec. 13, 2022), https://www.uscourts.gov/sites/default/files/nos_code_descriptions_updated_v.4_12-13-2022_0.pdf.  Additionally, the Court finds that the Complaint is a "shotgun pleading" as it fails to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Radhakrishnan v. Pugliese*, 2021 WL 11593799, at *1 (D.N.J. May 21, 2021) (citations omitted).  Indeed, the Complaint neither specifies which defendant did what nor puts any defendant on notice of the claims against them.

9.      In short, because the Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety *without prejudice*.  Plaintiff, however, shall be given an opportunity to file an amended complaint.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of this Memorandum Opinion and Order to cure the deficiencies discussed herein; it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action subject to restoration to the active docket should Plaintiff file an amended complaint.

DATED: <u>10/16/2023</u>              <u>s/ Julien Xavier Neals</u>
                                      **JULIEN XAVIER NEALS**
                                      United States District Judge